DLD-221                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3340
_____

UNITED STATES OF AMERICA

v.

JAMES E. HOCKER,
                                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 4:18-cr-00313-001)
District Judge:  Honorable Matthew W. Brann
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021

Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 10, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

James E. Hocker appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2018, Hocker pleaded guilty to securities fraud. See 18 U.S.C. § 1348. The next year, he was sentenced to 204 months of imprisonment. We affirmed. See United States v. Hocker, No. 19-2379, -- F. App'x –, 2021 WL 2879343 (3d Cir. July 9, 2021).

In August 2020, Hocker filed a pro se motion for compassionate release pursuant to § 3582(c)(1)(A). (ECF 36.) He argued that various health conditions, including "coronary artery disease, sleep apnea, and diabetes (borderline)," put him at increased risk from COVID-19. The Government opposed the motion. (ECF 42.)

The District Court denied relief. (ECF 45.) It agreed with the Government's concession that Hocker had shown that extraordinary and compelling reasons warranted relief. But the District Court concluded that the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. Those factors included the seriousness of Hocker's offense, his criminal history, the likelihood of recidivism, and the fact that he had served less than a quarter of his sentence. Hocker appeals. The

constitute binding precedent.

2

Government has filed a motion for summary affirmance (Doc. 10), to which Hocker objects. (Doc. 12).

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of an eligible defendant's motion for a sentence modification under § 3582(c). See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration, quotation marks, and citation omitted). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford

3

adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

We conclude that the District Court did not abuse its discretion in denying Hocker's compassionate release motion because the applicable § 3553(a) factors do not support relief. Hocker's crime was serious. For several years, he defrauded numerous, often elderly, individuals, who lost some or all of their retirement and life savings. See Hocker, 2021 WL 2879343, at *1 (stating that Hocker "targeted the elderly, those nearing or entering retirement, and others with limited investment experience"). The losses from his actions totaled almost $1.5 million. In addition, Hocker had been convicted of numerous DUI offenses, and committed the underlying offense while on supervision for two of those convictions. Finally, Hocker had served only 17 months of a 17 year sentence. See Pawlowski, 967 F.3d at 331 (stating that "the time remaining in [the] sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with" the § 3553(a) factors). These factors support the District Court's conclusion that continued incarceration was needed to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public.

For the foregoing reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

4